IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIC P. PADEKEN, | ) | CIV. NO. 08-00262 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING ACTION |
| vs. | ) | WITHOUT PREJUDICE |
| | ) | |
| OCCC, SGT. TAPU, CORBIT AHN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

On June 4, 2008, pro se plaintiff Ric P. Padeken, a prisoner incarcerated at the Oahu Community Correctional Center ("OCCC"), submitted a civil rights complaint and an application to proceed *in forma pauperis*. The court denied Padeken's *in forma pauperis* application on June 5, 2008, and Padeken submitted the filing fee on June 17, 2008. Plaintiff has filed nothing further with the court since that date, nor have Defendants been served.

On October 15, 2008, the court issued an Order to Show Cause requiring Plaintiff to show cause by November 4, 2008, why this action should not be dismissed for his failure to timely serve Defendants. Plaintiff was warned that failure to respond would result in dismissal of this action without prejudice.

On October 21, 2008, the Order to Show Cause was returned as undeliverable from the prison, with a notation that Plaintiff had been discharged. The court contacted prison officials to determine Plaintiff's last known address, and re-

sent the Order to Show Cause to the address Plaintiff left with the prison.  The court also extended the time for Plaintiff to reply to the Order to Show Cause until December 5, 2008.  Plaintiff has failed to reply or show cause in any manner why this action should not be dismissed for his failure to serve or otherwise prosecute this action.

Pursuant to Fed. R. Civ. P. 4(m), if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, the district court has discretion to "either dismiss the action without prejudice or order service within a specified time, unless however plaintiff can show 'good cause' for an extension, in which case the district court must extend the time for accomplishing service."  *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995); *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *accord Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).  Good cause applies only in limited circumstances, and inadvertence or ignorance of the rule alone does not constitute good cause, even in a pro se action.  *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

It has been over 120 days since the complaint was filed and it does not appear that Defendants have been served.

Plaintiff has been released from prison and has not contacted the court since June.  It appears that Plaintiff has abandoned this action.  Based on the foregoing, this action is DISMISSED without prejudice for failure to serve Defendants or otherwise prosecute.

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, December 8, 2008.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

PADEKEN v. OCCC, et al., Civ. No. 08-00262 SOM-LEK; ORDER DISMISSING ACTION WITHOUT PREJUDICE; pro se attorneys/Orders/DMP/Orders 08/Padeken 08-262 SOM (dsm fail serve)